UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM LAVAR ROBINSON,

        Plaintiff,

v.                                                                                                                                               Case No. 22-cv-1373-bhl

CASSANDRA MILLER BANDKOWSKI

        Defendant.

**ORDER**

        On November 18, 2022, Plaintiff William Lavar Robinson, proceeding without counsel, filed a complaint and a motion for leave to proceed without prepayment of the filing fee. (ECF Nos. 1 & 2.) The Court has authority to allow a litigant to proceed without prepaying the filing fee if the Court determines that the litigant is unable to pay the costs of commencing the action and the action is not frivolous, fails to state a claim, or is brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2).

        With respect to his indigency, Robinson's motion indicates that he is unemployed, and has no income, car, property, bank accounts, or retirement accounts. (ECF No. 2 at 2–4.) The motion further states he has monthly expenses totaling $4,000, and when he was last employed in January 2022, he had $3,000 in monthly income. (*Id.* at 2, 4.) Robinson's motion lists his monthly expenses as rent ($1,100), car payments ($630), alimony ($13,000), and credit card payments ($3,000). (*Id.*) Elsewhere in his motion, Robinson lists his child support as $300 per month. (*Id.* at 2.) On these facts, it appears that Robinson is sufficiently indigent for a fee waiver.

        The Court must also review the sufficiency of the complaint to ensure the action is not frivolous, that it states a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(e)(2). Under Fed. R. Civ. P. 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint satisfies Fed. R. Civ. P. 8 when it provides both a "short and plain statement of the claim showing that the pleader is entitled to relief" and a defendant with "fair notice" of the claim. *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not provide "detailed factual allegations," but "labels and conclusions, and a formal recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. Claims have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and these allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555–56 (internal quotations omitted).

Robinson's complaint falls well short of these basic pleading requirements. Robinson purports to be suing under the Civil Rights Act, 42 U.S.C. Section 1983. (ECF No. 1 at 1.) Robinson alleges that he met the defendant Cassandra Bandkowski on a dating app in October. (*Id*. at 3.) Their relationship ended in January, after which Bandkowski allegedly provided Robinson with a phone bill and discussed other money matters with him. (*Id.*) He alleges that Bandkowski left this meeting, visited her friend at work, and conspired with her friend to file a false police report against Robinson, accusing him of sexually assaulting her. (*Id.*) Robinson claims that as a result of these false allegations he spent eight months in jail, lost his job, missed his child's birthday, experienced violence in jail, and had to hire a lawyer. (*Id.* at 3–4.) He states his legal theories are defamation of character, loss of wages, loss of employment, slander, false imprisonment, loss of time with children, death of a family pet, emotional distress, and general intense emotions. (*Id.* at 4.)

Robinson's allegations are insufficient to hold Bandkowski liable under Section 1983. Section 1983 provides a federal cause of action for plaintiffs who have suffered civil rights violations at the hands of state actors. *Wilson v. Warren Cnty.*, 830 F.3d 464, 468 (7th Cir. 2016) ("To succeed on [a] § 1983 claim, plaintiffs must prove (1) the deprivation of a right secured by the Constitution or federal law and (2) that defendants were acting under color of state law."). But Robinson does not allege that Bandkowski is or was a government employee or otherwise acted under color of state law. At most, she is simply another private citizen who Robinson believes has made false accusations against him. But these allegations, even read generously, do not suggest misconduct by a state actor. In the absence of such allegations, Robinson has no claim against Bandkowski under Section 1983. *See* 42 U.S.C § 1983; *DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022) ("The traditional understanding of what it means for an official to act 'under

color of state law' encompasses misconduct by officials exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (quoting *West v. Adkins*, 487 U.S. 42, 49 (1988)). If Bandkowski falsely accused Robinson of sexual assault, he may have a state law claim against her for defamation (assuming her report to the police was not privileged) but he has no federal civil rights claim against her. *See Bone v. City of Lafayette*, 763 F.2d 295, 299 (7th Cir. 1985) (noting the Supreme Court "requires that a § 1983 action be based on some deprivation of rights other than defamation.") (citing *Paul v. Davis*, 424 U.S. 693 (1976)); *Davis v. City of Chi.*, 53 F.3d 801, 804 (7th Cir. 1995) ("[T]he Constitution does not forbid libel and slander."). Such a claim would most likely be more appropriately filed in state court, not federal court. Federal courts are courts of limited jurisdiction. *Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022).

While *pro se* pleadings are held to a less stringent standard than those drafted by lawyers, *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), the allegations in the complaint do not provide Bandkowski with sufficient notice of any federal claim. Accordingly, Robinson's allegations are insufficient to support a claim for relief and Robinson's complaint therefore must be dismissed for failure to state a claim upon which relief may be granted.

For the reasons given above,

**IT IS HEREBY ORDERED** that Robinson's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that if Robinson has other facts suggesting that a defendant who was employed or acted under color of state law violated his rights, he may attempt to proceed with this lawsuit by filing an amended complaint. The amended complaint should state in greater detail the basis for Robinson's claims, including facts that would support a finding that the defendant acted under color of law to violate Robinson's rights. A private citizen's making of a false accusation to police officers is not enough to invoke Section 1983. Any amended complaint must be filed with the Court on or before **December 29, 2022**. If the Court does not receive Robinson's amended complaint by that date, the case will be dismissed for Robinson's failure to prosecute pursuant to Civil L. R. 41(c).

Dated at Milwaukee, Wisconsin on December 2, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge